Samuel Richard Rubin
FEDERAL PUBLIC DEFENDER
Melissa Winberg
Assistant Federal Defender
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone: (208) 331-5500
Facsimile: (208) 331-5525

Attorneys for Petitioner
JOSHUA ALLEN WARD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE EDWARD J. LODGE)

| | |
|---|---|
| JOSHUA ALLEN WARD, | Case No. CV16-282-S-EJL |
| Petitioner, | |
| vs. | REPLY IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

TO: WENDY J. OLSON, UNITED STATES ATTORNEY
ANN T. WICK, ASSISTANT UNITED STATES ATTORNEY

## INTRODUCTION

The government forthrightly concedes that Mr. Ward's convictions for Minnesota Burglary no longer qualify as violent felonies post-*Johnson*. (Gov.'s Answer to § 2255 Mot. and Mot. to Dismiss (hereafter "Gov.'s Answer) at 6-7,

-1-

ECF No. 7.) It maintains, however, that Mr. Ward remains an Armed Career Criminal. The government is wrong: absent the unconstitutional residual clause, Mr. Ward does not have three convictions that qualify as violent felonies. The Court should vacate Mr. Ward's sentence and set a new sentencing hearing.

## ARGUMENT

### A. Minnesota Robbery does not qualify as a violent felony

Minnesota Robbery is no longer a violent felony because Minnesota cases establish that a person can be convicted of that offense without employing "*violent force—that is, force capable of causing physical pain or injury to another person,*" as required by 18 U.S.C. § 924(e). *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*). One federal district court in Minnesota recently recognized as much. *United States v. Pettis*, No. 15-CR-0233 (PJS/FLN), 2016 WL 5107035, at *3 (D. Minn. Sept. 19, 2016). This Court should do the same.

The government's argument to the contrary turns on a Minnesota Court of Appeals case, *State v. Stanifer*, 382 N.W.2d 213, 220 (Minn. Ct. App. 1986), which vacated a defendant's fifth-degree assault conviction as a lesser-included offense of simple robbery. *Stanifer,* standing alone, supports the government's position. It reasons that simple robbery is theft by assault, and therefore must incorporate the elements of assault. *Id.* at 219. Assault requires the attempt

to inflict or the infliction of "'bodily harm.'" *Id.* (quoting Minn. Stat. § 609.224). "Bodily harm," in turn, is statutorily defined as requiring "physical pain or injury," Minn. Stat. § 609.02(7), language that is consistent with the Supreme Court's definition of "violent force" as "force capable of causing physical pain or injury," *Johnson I*, 559 U.S. at 140. The Seventh Circuit recently adopted the argument the government advances here, relying on *Stanifer* as definitively setting out the elements of Minnesota robbery. *United States v. Maxwell*, 823 F.3d 1057, 1061 (7th Cir. 2016).

But there are two serious problems with the government's (and the Seventh Circuit's) narrow focus on the Minnesota Court of Appeals decision in *Stanifer*: First, this argument overlooks a line of Minnesota cases, including Minnesota Supreme Court cases, directly in conflict with *Stanifer*, which hold that simple robbery requires a degree of force *less than that required to inflict bodily harm*. Second, the government simply ignores Mr. Ward's argument that, regardless of the definitional language Minnesota courts use, Mr. Ward can—and has—shown the overbreadth of the statute through "point[ing] to . . . cases in which the state courts in fact did apply the statute" to conduct that does not satisfy the federal definition of violent force. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

With respect to the first argument, *Stanifer* cannot be squared with the text of the robbery statutes or with Minnesota Supreme Court precedent. In

*State v. Kvale*, 302 N.W.2d 650, 653 (Minn. 1981), the Minnesota Supreme Court explained that a robbery involving infliction of bodily harm is *aggravated* robbery:

> In order to elevate a simple robbery to aggravated robbery, the statute requires only that, while committing a robbery, the defendant either be armed with a dangerous weapon or inflict bodily harm. Here, while defendant was already guilty of robbery once he used the threat of force to compel the victim's acquiescence in the taking, that fact does not mean that any infliction of bodily harm which followed the taking could not be used to elevate the offense to aggravated robbery.

*Id.* In other words, simple robbery necessarily entails a degree of force less than that required to cause bodily harm, i.e., "physical pain or injury," Minn. Stat. § 609.02(7), because that heightened degree of force is one of two aggravating elements escalating simple robbery into aggravated robbery. *Id.*; *see also State v. Slaughter*, 691 N.W.2d 70, 76 (Minn. 2005) ("[P]ushing or grabbing a person during [a] theft may constitute simple robbery."). Critically, it is the Minnesota Supreme Court's interpretation of state law that this Court must defer to. *See Johnson I*, 559 U.S. at 138 ("We are . . . bound by the Florida Supreme Court's interpretation of state law . . . ."). Importantly, the Minnesota Supreme Court itself has emphasized that Court of Appeals decisions "do[] not represent a definitive statement of the law of Minnesota until adopted by this court." *Willis v. Cty. of Sherburne*, 555 N.W.2d 277, 282 (Minn. 1996); *see also Anderson-Johanningmeier v. Mid-Minnesota Women's Center, Inc.*, 637

N.W.2d 270, 276 (Minn. 2002) (holding that Minnesota Court of Appeals does not qualify as "court of last resort" under statutory construction rule set out by Minn. Stat. § 645.17(4)).[1]

Further, since *Stanifer*, the Minnesota Court of Appeals has itself recognized—as the statutory text dictates—that infliction of "bodily harm" is not an element of simple robbery, but rather an aggravating element that transforms simple robbery into aggravated robbery. In *State v. Burrell*, 506 N.W.2d 34 (Minn. Ct. App. 1993), the court rejected Burrell's argument that simple robbery and aggravated robbery impermissibly overlap because both require infliction of bodily harm. It explained that "clear and unambiguous" statutory language "shows that the infliction of bodily harm is a required element for aggravated robbery. . . . Mere force suffices for the simple robbery statute. Since the statutes for simple robbery and aggravated robbery are clear and describe different behavior, they do not impermissibly overlap." *Id.* at 37. As subsequent Minnesota cases explain it, "The aggravated robbery statute

---

[1] The peculiarities of Minnesota's appellate structure underscores why Court of Appeals decisions are not necessarily authoritative interpretations of Minnesota law. Because the Court of Appeals sits in panels, "decisions have, on occasion, been inconsistent." 3 Minn. Practice, Appellate Rules Annotated R. 117 § 117.3. Further, an individual panel can overturn the decision of another panel so long as the prior case has not been reviewed by the Supreme Court. Minn. Stat. § 480A.08(3)(c)(2). The Minnesota Supreme Court reviews only a fraction of Court of Appeals cases, and thus "a large number of cases decided by the court of appeals are denied review . . . even if the supreme court might not agree with the lower court's decision." 3 Minn. Practice, Appellate Rules Annotated R. 117 § 117.3.

requires that the victim be subjected to pain or injury. *Simple robbery, on the other hand, only requires mere force.*" *State v. Bugg*, No. CX-97-1441, 1998 WL 88225, at *2 (Minn. Ct. App. Mar. 3, 1998) (unpublished) (emphasis added) (internal citation omitted); *see also Luellen v. State*, No. A12-1332, 2013 WL 1188007, at *2 (Minn. Ct. App. Mar. 25, 2013) (unpublished) (holding that evidence supported conviction for aggravated robbery, rather than simple robbery, because force used was greater than that necessary to accomplish the taking and amounted to infliction of bodily harm); *State v. Johnson*, No. A04-115, 2005 WL 44451, at *3 (Minn. Ct. App. Jan. 3, 2005) (unpublished) ("A person commits first-degree aggravated robbery when he inflicts bodily harm on another while committing a robbery."); *State v. Sims*, No. C9-01-142, 2001 WL 1402617, at *1 (Minn. Ct. App. Nov. 13, 2001) (unpublished) ("An essential element of that crime [aggravated robbery] is proof that the assailant inflicted bodily harm on the victim while committing a robbery."); *State v. Batton*, No. CX-94-2462, 1995 WL 497442, at *2 (Minn. Ct. App. Aug. 22, 1995) (unpublished) ("The degree of force used [to commit simple robbery] is immaterial.").

*Stanifer* is thus incompatible with the "clear and unambiguous" language of Minnesota's simple robbery statute vis-à-vis the aggravated robbery statute, *Burrell*, 506 N.W.2d at 37, and the state supreme court's decision in *Kvale*. Mr. Ward, in pointing to these factors, carries his burden of

demonstrating the statute's overbreadth. *See Chavez-Solis v. Lynch*, 803 F.3d 1004, 1010 (9th Cir. 2015) (explaining that a petitioner carries their burden of demonstrating overbreadth "when a state statute's greater breadth is evident from its text" (internal quotations omitted)); *Johnson I*, 559 U.S. at 138 (federal courts must defer to highest state court's construction of state statute). At the most, the direct and unreconciled conflict between the Minnesota Court of Appeals decisions in *Stanifer* and *Burrell* means that this Court cannot ascertain that a simple robbery conviction in Minnesota categorically entails a finding of use of violent force. *Cf. United States v. Mendoza–Padilla,* No. 15-10051, 2016 WL 4363167, at *3-5 (9th Cir. Aug. 16, 2016) (concluding that Florida cases addressing mens rea for manslaughter conviction did not clearly "restrict manslaughter to acts committed recklessly.").

In any event, the Ninth Circuit has recognized that even if state statutes use language that on its face aligns with the federal definition of violent force, the state may, in practice, define those terms in a fashion that is overly broad: The proof, ultimately, is in the pudding. *See, e.g.,* U*nited States v. Parnell,* 818 F.3d 974 (9th Cir. 2016) (Massachusetts statute criminalizing robbery committed by "force and violence" does not, in practice, categorically require violent force). And the government makes no effort to engage with the cases showing that Minnesota applies the simple robbery statute to conduct that does not amount to violent force. Minnesota has held that jostling and

-7-

crowding a victim on an elevator to distract them from a theft is robbery. *Duluth St. Ry. Co. v. Fid. & Deposit Co. of Maryland*, 161 N.W. 595, 596 (Minn. 1917); *see also Batton*, 1995 WL 497442, at *2 (citing *Duluth St. Ry. Co.* for principle that "degree of force is immaterial" in simple robbery conviction). And "pushing or grabbing a person during [a] theft may constitute simple robbery." *Slaughter*, 691 N.W.2d at 76. There was sufficient evidence to uphold a robbery conviction where a defendant simply pulled on a victim's coat. *State v. Nelson*, N.W.2d 285, 286 (Minn. 1980). Similarly, evidence that the defendant grabbed a victim's arm with one hand and pulled it away from her body to facilitate a purse snatching also was sufficient for a conviction. *State v. Gaiovnik*, No. A09-190, 2010 WL 1439156, at *4 (Minn. Ct. App. Apr. 13, 2010) (unpublished), *aff'd*, 794 N.W.2d 643 (Minn. 2011). And evidence that a defendant "pushed Pauletti, grabbed $30 from Gonzalez's hand, turned and ran away" also sufficed to prove a robbery. *Batton*, 1995 WL 497442, at *1. The Ninth Circuit has already held, however, that "jolting," "bumping" and "grabbing" is not conduct that amounts to violent force. *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014). These cases suffice to show that Minnesota sweeps conduct under the simple robbery statute that does not qualify as violent under the ACCA.[2]

---

[2] As a number of circuit court cases have recognized, post-*Johnson*, state robbery statutes often encompass conduct that does not qualify as violent. *See United States*

## B. Minnesota Second Degree Assault does not qualify as a violent felony

Minnesota Second Degree Assault does not require sufficiently intentional conduct to qualify as a violent felony because, while it requires an intentional act, it does not require any proof of the defendant's awareness or intent that bodily harm is likely to result. *State v. Fleck*, 810 N.W.2d 303, 309 (Minn. 2012). This falls below the mens rea requirement necessary to satisfy *Leocal v. Ashcroft*, 543 U.S. 1 (2004). The Ninth Circuit has held that a state assault statute criminalizes sufficiently intentional conduct when it requires an intentional act "and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another," *United States v. Grajeda*, 581 F.3d 1186, 1196 (9th Cir. 2009) (internal quotations omitted), or when the statute requires "a reckless infliction of substantial bodily harm in the course of an intentional assault," *United States v. Lawrence*, 627 F.3d 1281, 1288 (9th Cir. 2010). Minnesota assault does not meet this threshold because it attaches no mens rea or proximate cause limit on the infliction of bodily harm element. *United States v. Lindsey*, 827 F.3d 733, 738-39 (8th Cir. 2016), cited by the

---

*v. Jones*, No. 15-1518-cr, slip op. at 14-19 (2d Cir. July 27, 2016) (New York first-degree robbery does not qualify as crime of violence for career offender enhancement); *United States v. Eason*, 829 F.3d 633, 641 (8th Cir. 2016) (Arkansas simple robbery does not qualify as violent felony under ACCA); *United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016) (North Carolina simple robbery does not qualify under ACCA).

government, is not persuasive because it does not engage with the mens rea argument Mr. Ward raises.

## C. Idaho Aggravated Assault does not qualify as a violent felony

The government concedes that Idaho Aggravated Assault is categorically overbroad because the "attempt" means of commission did not, at the time of Mr. Ward's conviction, require sufficiently intentional conduct. (*See* Gov.'s Answer at 12.) The only dispute is whether the statute is divisible, i.e., whether I.C. §§ 18-901(a) and (b) are alternate "means" or "elements." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). An element is defined through the requirement that it must be found by a jury "beyond a reasonable doubt to convict the defendant." *Id.*

It is beyond dispute that Idaho courts permit a defendant to be convicted of aggravated assault without requiring the jury to unanimously agree upon whether the defendant violated subsection (a) or (b) of the statute. *State v. Eddins*, 156 Idaho 645, 647 (Idaho Ct. App. 2014); *State v. Detwiler*, Case No. 41125, 2015 WL 1237083, at *3 (Idaho Ct. App. Mar. 18, 2015) (unpublished). This "baseline not only begins but also ends the analysis." *Mathis*, 136 S. Ct. at 2255. The government's answer simply ignores these cases.

Instead of focusing on the only pertinent issue—jury unanimity—the government cites cases demonstrating the unremarkable truth that the two means of committing Idaho aggravated assault are quite different. The fact

that a different mens rea pertains to the two means of commission, *State v. Hansen*, 224 P.3d 509 (Idaho Ct. App. 2009), does not change that jury unanimity is nonetheless not required as to the subsection comprising the offense. *Cf. United States v. Barcenas-Yanez*, 826 F.3d 752, 758 (4th Cir. 2016) (holding that statute incorporating multiple mens rea means of commission was not divisible). Similarly, the fact that state prosecutors often elect to proceed on one theory of the case does not alter that jury unanimity is not always required as to that theory. *See Detwiler*, 2015 WL 1237083, at *3 (jury permitted to deliberate on both means of assault, though charging document presented only one theory). Divisibility analysis does not turn upon "how a local prosecutor elected to word the charges." *Barcenas-Yanez*, 826 F.3d at 757 n.3. The *Mathis* Court made this clear:

> [A] court may not look behind the elements of a generally drafted statute to identify the means by which a defendant committed a crime. Consider if Iowa defined burglary as involving merely an unlawful entry into a "premises"—without any further elaboration of the types of premises that exist in the world (e.g., a house, a building, a car, a boat). Then, all agree, ACCA's elements-focus would apply. No matter that the record of a prior conviction clearly indicated that the defendant burgled a house at 122 Maple Road— *and that the jury found as much*; because Iowa's (hypothetical) law included an element broader than that of the generic offense, the defendant could not receive an ACCA sentence.

*Mathis*, 136 S. Ct. at 2255 (internal quotations and citation omitted) (emphasis added).

In sum, Mr. Ward does not dispute that Idaho Code § 18-901 "expressly enumerate[es]" two very different means of committing assault. *Mathis*, 136 S. Ct. at 2256. That does not change that Idaho prosecutors are free to proceed on both theories and that Idaho jurors may disagree on which theory has been proven but nonetheless return a guilty verdict. That makes Idaho Code § 18-901 categorically overbroad under *Mathis*.

## CONCLUSION

Because Mr. Ward has not, in light of *Johnson*, been convicted of three felonies that qualify as violent felonies under the ACCA, the Court should grant his petition for relief.

Dated: October 25, 2016

Respectfully submitted,
SAMUEL RICHARD RUBIN
FEDERAL PUBLIC DEFENDER
By:


/s/ Melissa Winberg
Melissa Winberg
Assistant Federal Defender
Federal Defender Services of Idaho
Attorneys for Petitioner
JOSHUA ALLEN WARD

CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document, REPLY IN SUPPORT MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255, was served on all parties named below on this 25th day of October, 2016.

| | |
|---|---|
| Ann T Wick, Assistant U.S. Attorney<br>Office of the United States Attorney<br>801 E. Sherman, #192<br>Pocatello, ID 83201<br>Ann.Wick@usdoj.gov | ____ Hand Delivery<br>____ United States Mail<br>__X__ CM/ECF Filing<br>____ Email Transmission |

Dated: October 25, 2016         /s/ Melissa Winberg
                                Melissa Winberg