**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA ALLEN WARD, *Petitioner-Appellant*, v. UNITED STATES OF AMERICA, *Respondent-Appellee.* | No. 17-35563 D.C. No. 1:16-cv-00282-EJL OPINION |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted October 9, 2018
Submission Vacated October 10, 2018
Resubmitted September 3, 2019
Seattle, Washington

Filed September 3, 2019

Before: Richard A. Paez and Carlos T. Bea, Circuit Judges,
and C. Ashley Royal,[*] District Judge.

Opinion by Judge Paez

---

[*] The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

**SUMMARY**\*\*

**28 U.S.C. § 2255**

Affirming a sentence, the panel held that a Minnesota conviction for aiding and abetting simple robbery qualifies as a predicate violent felony under the Armed Career Criminal Act's force clause because the minimum force required to sustain a Minnesota simple robbery includes the amount of force necessary to overcome a victim's resistance.

The panel wrote that this court's prior distinction between "substantial" and "minimal" force in the ACCA robbery context cannot be reconciled with the Supreme Court's holding in *Stokeling v. United States*, 139 S. Ct. 544 (2019).

**COUNSEL**

Melissa D. Winberg (argued), Federal Defender Services of Idaho, Boise, Idaho, for Petitioner-Appellant.

Ann T. Wick (argued) and Syrena C. Hargrove, Assistant United States Attorneys; Bart M. Davis, United States Attorney; United States Attorney's Office, Boise, Idaho; for Respondent-Appellee.

---

\*\* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PAEZ, Circuit Judge:

Joshua Allen Ward challenges his mandatory sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He argues on appeal that the district court erroneously determined that his prior Minnesota state conviction for aiding and abetting simple robbery under Minn. Stat. Ann. § 609.24 is a "violent felony" under the ACCA's force clause. Because the minimum force required to sustain a Minnesota simple robbery "includes the amount of force necessary to overcome a victim's resistance," *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019), we affirm.

**I.**

Ward was convicted in 2012 of one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The ACCA provides that a person who violates § 922(g)(1) and who has "three previous convictions" for a "violent felony" shall be imprisoned for a minimum of 15 years. 18 U.S.C. § 924(e)(1). Over Ward's objection to his designation as an "armed career criminal," the district court sentenced him to the 15-year mandatory minimum.

In 2015, the Supreme Court held that the ACCA's residual clause under § 924(e)(2)(B)(ii) was unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551, 2555–57 (2015) ("*Johnson II*"). Subsequently, in *Welch v. United States*, the Court held that *Johnson II* applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

In 2016, Ward filed a motion in the district court pursuant to 28 U.S.C. § 2255(a) to vacate his sentence based on *Johnson II*. He argued that his prior convictions for burglary, aiding and abetting simple robbery, second-degree assault, and aggravated assault, fell under the invalidated residual clause of the ACCA and that he was therefore wrongfully sentenced. The government conceded that Ward's two Minnesota burglary convictions did not qualify as violent felonies under 18 U.S.C. § 924(e) but maintained that Ward's three other convictions qualified as predicate ACCA offenses. The district court agreed and denied Ward's motion to vacate his sentence. The district court granted Ward's motion for a certificate of appealability based on "varying interpretations by other courts" regarding his conviction for aiding and abetting Minnesota simple robbery. Ward timely appealed.

## II.

We have jurisdiction under 28 U.S.C. §§ 2253(c) and 2255(d). The limited issue before us, which we review de novo, is whether Ward's Minnesota conviction for aiding and abetting simple robbery qualifies as a predicate violent felony for sentencing purposes under the ACCA. *See United States v. Parnell*, 818 F.3d 974, 978 (9th Cir. 2016).

## III.

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves use of explosives . . . ." 18 U.S.C. § 924(e)(2)(B). Prior to *Johnson II*, 135 S. Ct. at 2556–57, crimes that "otherwise involve conduct that presents a serious potential risk of

physical injury to another" also constituted "violent felonies" under 18 U.S.C. § 924(e)(2)(B)(ii)—known as the "residual clause." The Supreme Court, however, invalidated the ACCA residual clause as void for vagueness. *See Johnson II*, 135 S. Ct. at 2555, 2563. Thus, Ward's prior conviction for simple robbery is a predicate offense only if it falls under either the "force clause" (also known as the "elements clause") of § 924(e)(2)(B)(i) or the "enumerated offenses clause" of § 924(e)(2)(B)(ii). The parties agree that the only issue we must decide is whether Minnesota simple robbery *categorically* involves "physical force" within the meaning of the ACCA's force clause.[1]

## A.

We apply the familiar categorical approach, as outlined in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a state offense is a violent felony under the ACCA's force clause. *See, e.g.*, *Parnell*, 818 F.3d at 978. In doing so, we ask "whether the conduct proscribed by the statute *necessarily* involves 'the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Geozos*, 870 F.3d 890, 898 (9th Cir. 2017) (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)(i)). Prior to *Johnson II*, the Supreme Court held that "in the context of a statutory definition of '*violent* felony,' the

---

[1] In his supplemental post-argument brief, Ward raised a new claim regarding the mens rea required in Minnesota's aiding and abetting statute. Although "parties are not limited to the precise arguments they made below," *Thompson v. Runnels*, 705 F.3d 1089, 1098 (9th Cir. 2013) (quoting *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 379 (1995)), this appears to raise a new claim rather than a new argument, *see United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004) ("[I]t is claims that are deemed waived or forfeited, not arguments."). We therefore consider the claim waived and do not address it.

phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*"). Thus, under *Johnson I*, the force element of a predicate conviction must entail more than just the "slightest offensive touching." *Id*. at 139–41.

Applying *Johnson I*, we have held that "'violent' force must be 'substantial' and 'strong,'" and that "[t]he mere potential for some trivial pain or slight injury will not suffice." *United States v. Walton*, 881 F.3d 768, 773 (9th Cir. 2018) (quoting *Johnson I*, 559 U.S. at 140); *see id*. at 774 (holding that Alabama armed robbery is not a violent felony under the ACCA); *see also United States v. Molinar*, 876 F.3d 953 (9th Cir. 2017), *amended*, 881 F.3d 1064, 1069–70 (9th Cir. 2018) (holding that Arizona armed robbery is not a crime of violence under the Sentencing Guideline's force clause). This approach diverges from the one adopted by several of our sister circuits, like the Seventh and Eighth Circuits, which look to Justice Scalia's concurrence in *United States v. Castleman*, 572 U.S. 157, 173–84 (2014), to suggest that "any number of forceful acts beyond simple touching" may "qualify as violent force in the sense that they have the capacity to inflict physical pain, if not concrete physical injury, upon the victim." *United States v. Jennings*, 860 F.3d 450, 457 (7th Cir. 2017); *see also United States v. Pettis*, 888 F.3d 962, 966 (8th Cir. 2018) (reaffirming that physical force under the ACCA encompasses "a jostle accompanied by a forceful pull—like [a] 'blind-side bump, brief struggle, and yank' . . . [and] 'involves a use of force that is capable of inflicting pain'").

Recently, the Supreme Court clarified that for robbery offenses, the "physical force" element under the ACCA "includes the amount of force necessary to overcome a

victim's resistance." *Stokeling*, 139 S. Ct. at 555. Thus, Florida robbery—defined as the taking of property with the use of force to overcome the resistance by the victim—qualifies as an ACCA violent felony. *Id*. at 549, 555.

In reaching this conclusion, the Court relied on the common law understanding of robbery as "an unlawful taking . . . [which] involved 'violence.'" *Id*. at 550. It highlighted a few illustrative examples of common law robbery: "it was robbery 'to seize another's watch or purse, and use sufficient force to break a chain or guard by which it is attached to his person, or to run against another, or rudely push him about, for the purpose of diverting his attention and robbing him.'" *Id*. "Similarly, it was robbery to pull a diamond pin out of a woman's hair when doing so tore away hair attached to the pin." *Id.* In common law robbery, the core concern was whether the defendant applied force—any degree of force—that was sufficient to overcome a victim's resistance, "however slight." *Id*. at 551. The Court then concluded that Congress adopted the common law meaning of "force" for robbery in the force clause of the ACCA. *Id*.; *see also id*. at 551–52 ("By replacing robbery as an enumerated offense with a clause that has 'force' as its touchstone, Congress made clear that 'force' retained the same common-law definition that undergirded the original definition of robbery adopted a mere two years earlier."). This conclusion was "buttressed" by the fact that a significant majority of states defined nonaggravated robbery as requiring force that overcomes a victim's resistance. *Id*. at 552.

Notably, the Court explained that its holding regarding Florida robbery was consistent with *Johnson I*, which addressed common law misdemeanor battery. *Id*. (citing *Johnson I*, 559 U.S. at 138). The Court differentiated the

force necessary for common law battery from that necessary for common law robbery. *See id*. at 552–53. While the former "does not require resistance or even physical aversion on the part of the victim," the latter involves "overpower[ing] a victim's will" and necessarily involves a physical confrontation and struggle." *Id*. at 553.

## B.

With *Stokeling* in mind, we turn to Minnesota simple robbery, which is defined as:

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery.

Minn. Stat. Ann. § 609.24 (1986). The statute is satisfied when "the use of force or threats precede[s] or accompan[ies] either the taking or the carrying away" of the property "and that the force or threats be used to overcome the victim's resistance or compel his acquiescence . . . ."[2] *State v. Kvale*, 302 N.W.2d 650, 653 (Minn. 1981).

---

[2] Ward does not argue, and we have found no cases holding, that there is any difference between the force used to overcome a victim's resistance and force used to compel a victim's acquiescence in the context of Minnesota simple robbery. The Eighth Circuit also appears to have made no such distinction between these two provisions in the statute. *See United States v. Libby*, 880 F.3d 1011, 1015 (8th Cir. 2018).

| WARD V. UNITED STATES | 9 |
|---|---|

Under our pre-*Stokeling* case law, Minnesota simple robbery would not be a violent felony under the ACCA's force clause because we differentiated between minimal and substantial force, even when the minimal force involved was sufficient to overcome a victim's resistance. *See Molinar*, 881 F.3d at 1069–70 (holding that "a conviction for robbery—or armed robbery—in Arizona does not require the threat or use of *Johnson*-level force" where the "statutory definition of 'force' has not been narrowed . . . other than by clarifying that the force must be 'intended to overpower the party robbed'"); *Geozos*, 870 F.3d at 900–01 (holding that Florida robbery under Fla. Stat. § 812.13, the same statute at issue in *Stokeling*, is not an ACCA violent felony because "the Florida statute requires that the victim *resist* the force . . . [but does not] require[] that the force used be *violent* force").

Our prior distinction between "substantial" and "minimal" force in the ACCA robbery context in such cases as *Molinar* and *Geozos* cannot be reconciled with the Supreme Court's clear holding in *Stokeling*.[3] *Compare Geozos*, 870 F.3d at 900 ("Under Florida law, then, a person who engages in a non-violent tug-of-war with a victim over the victim's purse has committed robbery . . . [but] [a]ccording to our precedent, such an act does not involve

---

[3] Conversely, our precedent differentiating between intentional and reckless or negligent conduct has not been affected by *Stokeling*. "[T]o qualify as defining a violent felony, a state statute must require that the physical force be inflicted *intentionally*, as opposed to recklessly or negligently." *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010) (emphasis added) (citing *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc)), *overruled on other grounds by Descamps v. United States*, 570 U.S. 254 (2013); *see also United States v. Dixon*, 805 F.3d 1193, 1197–98 (9th Cir. 2015).

the use of violent force within the meaning of ACCA[.]"), *with Stokeling*, 139 S. Ct. at 553 ("[T]he force necessary to overcome a victim's physical resistance is inherently 'violent' . . . ."). Thus, to the extent our precedent regarding robberies is irreconcilable with *Stokeling*, those cases are effectively overruled.[4] *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) ("[W]here the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled.").

This case, therefore, presents a straightforward application of *Stokeling*. Minnesota simple robbery is defined as the use or threatened use of force "to overcome the person's resistance or powers of resistance . . . ." Minn. Stat. Ann. § 609.24 (1986). The Minnesota Supreme Court has unequivocally stated that "[a]lthough a simple purse snatching usually constitutes theft, pushing or grabbing a person during that theft may constitute simple robbery."

---

[4] Importantly, *Stokeling* made clear that force involved in snatchings, where there is no resistance, is not sufficient to fall under the ACCA's force clause. 139 S. Ct. at 555 (differentiating between Florida's robbery statute and "[m]ere 'snatching of property from another'"); *see also United States v. Fultz*, 923 F.3d 1192, 1196 & n.2 (9th Cir. 2019) (noting that *Stokeling* does not reach conduct like snatching). In several recent memorandum dispositions, we have also recognized instances of force that did not fall within "the scope of the elements clause as defined in *Stokeling*." *United States v. Lawrence*, 758 F. App'x 624, 625 (9th Cir. 2019); *see also Torres v. Whitaker*, 752 F. App'x 512, 513 & n.1 (9th Cir. 2019). Thus, to whatever extent the state statutes discussed in *Molinar* and other ACCA robbery cases criminalize force more broadly than in *Stokeling*, those cases have not been overruled. *See Lawrence*, 758 F. App'x at 625 (reaffirming *United States v. Strickland*, 860 F.3d 1224 (9th Cir. 2017)).

Case 1:16-cv-00282-TDS Document 7-1 Filed 09/03/19 Page 11 of 11
Case 17-1555 Document 29-1 Date Filed 09/03/2019 Page 11 of 11

WARD V. UNITED STATES 11

*State v. Slaughter*, 691 N.W.2d 70, 76 (Minn. 2005) (citing *State v. Nash*, 339 N.W.2d 554, 557 (Minn. 1983)). Thus, Minnesota's statute is similar to the Florida robbery at issue in *Stokeling*, which is also defined as the taking of property with the use of force to overcome the victim's resistance. *See* 139 S. Ct. at 549, 555; *see also Taylor v. United States*, 926 F.3d 939, 941–42 (8th Cir. 2019) (reaffirming that Minnesota simple robbery is an ACCA violent felony and noting that "Minnesota's simple robbery statute is virtually indistinguishable from the Florida statute at issue in *Stokeling*" because "[i]n both States, a mere 'snatching' of property, without more, is not the level of force required").

## IV.

For the reasons above, we affirm the district court's denial of Ward's motion to vacate his sentence.

**AFFIRMED.**